## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

**7 IL PROPERTIES, LLC,**

      **Plaintiff,**

v.

**GARY KNIGHT,**

      **Defendant.**

**Case No. 2:21-CV-226-RWS**

---

## ANSWER, COUNTERCLAIM, AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Gary Knight, by and through his undersigned counsel, and files this its Answer and respectfully shows the Court as follows:

## ANSWER TO COMPLAINT

## Parties, Jurisdiction and Venue

### 1.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint, and the same are denied.

### 2.

The allegations in Paragraph 2 of the Complaint are admitted.

3.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint, and the same are denied.

4.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint, and the same are denied.

5.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint, and the same are denied.

6.

It is admitted that a substantial part of the property that is the subject of this action is located within the Gainesville Division of the Northern District of Georgia, that many of the relevant events occurred within the Gainesville Division of the Northern District of Georgia, that venue is proper in the Gainesville Division of the Northern District of Georgia, and that Defendant resides in the Gainesville Division of the Northern District of Georgia.  Any remaining allegations in Paragraph 6 of the Complaint are denied.

7.

The allegations in Paragraph 7 of the Complaint are admitted.

8.

The allegations in Paragraph 8 of the Complaint are admitted.

9.

The allegations in Paragraph 9 of the Complaint are denied.  The original date of closing was May 31, 2021.

10.

In response to the allegations of Paragraph 10, Defendant is without sufficient knowledge to form a belief as to the date Amendment 1 was entered, and the same its denied.  It is admitted that Amendment 1 extended the due diligence period to April 1, 2021.

11.

In response to the allegations of Paragraph 11, Defendant is without sufficient knowledge to form a belief as to the date, and the same is denied.  The allegations of Paragraph 11 are otherwise admitted.

12.

The allegations in Paragraph 12 of the Complaint are admitted.

13.

In response to the allegation of Paragraph 13, Defendant is without sufficient knowledge to form a belief as to the date, and the same is denied.  It is admitted that

Plaintiff offered to purchase another of Defendant's properties located at 92 Fish Trap Road, Blue Ridge, Georgia 30513.

14.

In response to the allegations of Paragraph 14, Defendant is without sufficient knowledge to form a belief as to whether the discussion took place on March 30, 2021, and the date is denied.  The allegations in Paragraph 14 of the Complaint are otherwise admitted.

15.

The allegations in Paragraph 15 of the Complaint are admitted.

16.

The allegations in Paragraph 16 of the Complaint are admitted.

17.

The allegations in Paragraph 17 of the Complaint are admitted.

18.

The allegations in Paragraph 18 of the Complaint are admitted.

19.

In response to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge to form a belief as to the date Defendant learned a new survey was coming, and the allegations of Paragraph 19 are denied.

20.

In response to Paragraph 20 of the Complaint, Defendant is without sufficient information regarding the date that the survey was provided.  It is admitted that Defendant provided the survey to Plaintiff's agent as soon as Defendant received it, and any other allegations of Paragraph 20 are denied.

21.

The document speaks for itself.  The allegations in Paragraph 21 of the Complaint are denied.

22.

The allegations in Paragraph 22 of the Complaint are denied.

23.

The allegations in Paragraph 23 of the Complaint are denied.

24.

The allegations in Paragraph 24 of the Complaint are denied.

25.

The allegations in Paragraph 25 of the Complaint are denied.

26.

The allegations in Paragraph 26 of the Complaint are denied.

27.

The allegations in Paragraph 27 of the Complaint are denied.

28.

The allegations in Paragraph 28 of the Complaint are denied.

29.

In response to Paragraph 29 of the Complaint, it is admitted that Defendant's attorney sent letters terminating each contract for the reasons stated in the letters. Any other allegations of Paragraph 29 are denied.

30.

The allegations in Paragraph 30 of the Complaint are denied.

## COUNT 1 – SPECIFIC PERFORMANCE

31.

To the extent that Paragraph 31 of the Complaint requires a response, Defendant reasserts and incorporates the responses in the preceding paragraphs of this answer as if the same were fully set forth herein.

32.

The allegations in Paragraph 32 of the Complaint are admitted, except that it is denied that the agreement was amended only three times.

33.

The allegations in Paragraph 33 of the Complaint are admitted.

34.

The allegations in Paragraph 34 of the Complaint are admitted, except that it is denied that the 253 River Heights agreement is capable of being performed.

35.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 and denies the same.

36.

The allegations in Paragraph 36 of the Complaint are denied.

37.

The allegations in Paragraph 37 of the Complaint are denied.

38.

The allegations in Paragraph 38 of the Complaint are denied.

## COUNT II – BREACH OF WARRANTY OF TITLE

39.

To the extent that Paragraph 39 of the Complaint requires a response, Defendant reasserts and incorporates the responses in the preceding paragraphs of this answer as if the same were fully set forth herein.

40.

The allegations in Paragraph 40 of the Complaint are denied.

41.

The allegations in Paragraph 41 of the Complaint are admitted.

42.

In response to Paragraph 42 of the Complaint, it is admitted that an encroachment existed on the 92 Fish Trap Road Property.  Any other allegations in Paragraph 42 of the Complaint are denied.

43.

The allegations in Paragraph 43 of the Complaint are denied.

44.

The allegations in Paragraph 44 of the Complaint are denied.

## COUNT III – NEGLIGENT MISREPRESENTATION

45.

To the extent that Paragraph 45 of the Complaint requires a response, Defendant reasserts and incorporates the responses in the preceding paragraphs of this answer as if the same were fully set forth herein.

46.

The allegations in Paragraph 46 of the Complaint are denied.

47.

The allegations in Paragraph 47 of the Complaint are denied.

48.

The allegations in Paragraph 48 of the Complaint are denied.

49.

The allegations in Paragraph 49 of the Complaint are denied.

50.

The allegations in Paragraph 50 of the Complaint are denied.

51.

The allegations in Paragraph 51 of the Complaint are denied.

52.

The allegations in Paragraph 52 of the Complaint are denied.

53.

The allegations in Paragraph 53 of the Complaint are denied.

54.

The allegations in Paragraph 54 of the Complaint are denied.

## COUNT IV – BREACH OF CONTRACT

55.

To the extent that Paragraph 55 of the Complaint requires a response,

Defendant reasserts and incorporates the responses in the preceding paragraphs of this answer as if the same were fully set forth herein.

56.

The allegations in Paragraph 56 of the Complaint are denied.

57.

The allegations in Paragraph 57 of the Complaint are denied.

58.

The allegations in Paragraph 58 of the Complaint are denied.

**COUNT V – ATTORNEY FEES AND EXPENSES OF LITIGATION**

59.

To the extent that Paragraph 59 of the Complaint requires a response, Defendant reasserts and incorporates the responses in the preceding paragraphs of this answer as if the same were fully set forth herein.

60.

It is admitted that both contracts contemplate attorney's fees and expenses. Any remaining allegations in Paragraph 60 of the Complaint are denied.

61.

The allegations in Paragraph 61 of the Complaint are denied.

62.

The allegations in Paragraph 62 of the Complaint are denied.

63.

The allegations in Paragraph 63 of the Complaint are denied.

64.

It is denied that Plaintiff is entitled to the relief sought, any allegations in the

paragraph beginning "WHEREFORE" are denied, and any allegation not

specifically denied herein are hereby denied.

## COUNTERCLAIMS

65.

Defendant's counterclaims arise under or relate to the same contracts and facts

that are the subject of Plaintiff's Complaint.

66.

This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §

1367.

67.

Plaintiff as buyer and Defendant as seller entered into a contract for the sale

of property located at 253 River Heights Road, Blue Ridge, Georgia for $929,000.00

(the "253 River Heights Road Contract").

68.

The closing date for the 253 River Heights Road Contract, as amended by the parties, was June 1, 2021.

69.

The 253 River Heights Road Contract required Plaintiff to accept and honor pending lease agreements affecting 253 River Heights Road, but Plaintiff failed to do so.

70.

Amendment 2 to the 253 River Heights Road Contract required the parties to agree to an easement agreement granting access to adjoining properties over and through 253 River Heights Road, but Plaintiff failed to agree to such an easement agreement.

71.

Consequently, the 253 River Heights Road Contract expired without meeting the closing deadline.

72.

Plaintiff as buyer and Defendant as seller entered into a contract for the sale of property located at 92 Fish Trap Road, Blue Ridge, Georgia for $850,000.00 (the "92 Fish Trap Road Contract").

73.

The closing date for the 92 Fish Trap Road Contract was June 1, 2021.

74.

An encroachment upon 92 Fish Trap Road was discovered prior to closing.

75.

Plaintiff refused to accept 92 Fish Trap Road with the encroachment, and the closing attorney refused to close the transaction.

76.

Consequently, the 92 Fish Trap Road Contract expired without meeting the closing deadline.

## COUNT 1 – BREACH OF CONTRACT

77.

Defendant reasserts and incorporates the preceding paragraphs of the Counterclaims as if the same were fully set forth herein.

78.

Both the 253 River Heights Road Contract and the 92 Fish Trap Road Contract provide that as liquidated damages for Plaintiff's default, Defendant is entitled to the earnest money.

79.

The earnest money for the 253 River Heights Road Contract was $10,000.00.

80.

The earnest money for the 92 Fish Trap Road Contract was $5,000.00.

81.

Plaintiff defaulted on the 253 River Heights Road Contract by failing to accept and honor pending lease agreements affecting 253 River Heights Road and by failing to agree to an easement agreement granting access to adjoining properties over and through 253 River Heights Road.

82.

Plaintiff defaulted on the 92 Fish Trap Road Contract by refusing to accept 92 Fish Trap Road with the encroachment.

83.

Both the 253 River Heights Road Contract and the 92 Fish Trap Road Contract failed to close by the closing deadline as a result of Plaintiff's default, and Defendant is entitled to the earnest money for each contract.

84.

Defendant is entitled to the earnest money for both the 253 River Heights Road Contract and the 92 Fish Trap Road Contract for Plaintiff's default and breach

of contract.

## COUNT 2 – DECLARATORY JUDGMENT
## (in alternative to Count 1)

85.

Defendant reasserts and incorporates the preceding paragraphs of the Counterclaims as if the same were fully set forth herein.

86.

Defendant is entitled to a declaratory judgment that Plaintiff defaulted on the 253 River Heights Road Contract and that Defendant is entitled to the earnest money.

87.

Defendant is entitled to a declaratory judgment that Plaintiff defaulted on the 92 Fish Trap Road Contract and that Defendant is entitled to the earnest money.

88.

Both the 253 River Heights Road Contract and the 92 Fish Trap Road Contract failed to close by the closing deadline as a result of Plaintiff's default, and Defendant is entitled to the earnest money for each contract.

## COUNT 3 – ATTORNEY'S FEES

89.

The 253 River Heights Road Contract and the 92 Fish Trap Road Contract provide that in any litigation arising out of each agreement, the non-prevailing party

shall be liable to the prevailing party for its reasonable attorney's fees and expenses.

90.

The above-captioned action, as laid out in Plaintiff's Complaint, is litigation arising out of both the 253 River Heights Road Contract and the 92 Fish Trap Road Contract.

91.

Defendant is entitled to reasonable attorney's fees under both the 53 River Heights Road Contract and the 92 Fish Trap Road Contract for having to defend this action.

## **AFFIRMATIVE DEFENSES**

92.

Plaintiff is a foreign limited liability company not authorized to transact business in the State of Georgia and not authorized to bring this action.

93.

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

94.

Plaintiff's Complaint is barred by the doctrines of waiver, release, and estoppel.

WHEREFORE, Defendant prays as follows:

(a) That Plaintiff's Complaint be dismissed;

(b) That Plaintiff be denied any relief requested in its Complaint;

(c) That Defendant be awarded reasonable attorney's fees and expenses for having to defend this action; and

(d) That Defendant receive such other and further relief as deemed just and proper under the facts and evidence.

Respectfully submitted this 15th day of November, 2021.

**MILES HANSFORD & TALLANT, LLC**
Attorneys for Defendant Gary Knight

/s/ Stanton Kincaid
Joshua A. Scoggins
Georgia Bar No. 037996
K. Stanton Kincaid
Georgia Bar No. 422748

202 Tribble Gap Road, Suite 200
Cumming, Georgia   30040
Telephone: (770) 781-4100
Facsimile: (770) 781-9191
jscoggins@mhtlegal.com
skincaid@mhtlegal.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this day a true and correct copy of the foregoing ***ANSWER, COUNTERCLAIM, AND AFFIRMATIVE DEFENSES*** has been served upon opposing counsel by U.S. Mail with sufficient postage attached to ensure delivery to:

**Brian S. Goldberg**
**Travis M. Cashbaugh**
**Freeman, Mathis, and Gary LLP**
**100 Galleria Parkway, Suite 1600**
**Atlanta, Georgia 30339**

Respectfully submitted, this 15th day of November, 2021.

**MILES HANSFORD & TALLANT, LLC**
Attorneys for Defendant Gary Knight

/s/ Stanton Kincaid
Joshua A. Scoggins
Georgia Bar No. 037996
K. Stanton Kincaid
Georgia Bar No. 422748

202 Tribble Gap Road, Suite 200
Cumming, Georgia   30040
Telephone: (770) 781-4100
Facsimile: (770) 781-9191
jscoggins@mhtlegal.com
skincaid@mhtlegal.com