## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| 7 IL PROPERTIES, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>GARY KNIGHT,<br><br>          Defendant. | Civil Action File Number:<br>2:21-CV-226-RWS |

## RESPONSE BRIEF IN OPPOSITION TO DEFENDANT GARY KNIGHT'S MOTION FOR CONTEMPT

7 IL Properties, LLC files this Response Brief in Opposition to Defendant Gary Knight's Motion for Contempt [Doc. 49] (the "Motion") and requests this Court deny the motion for the following reasons.

## FACTUAL BACKGROUND

This matter concerns Plaintiff's enforcement of two purchase and sale contracts ("Agreements") related to properties located at 253 River Heights Road, Blue Ridge, Georgia 30513, and 92 Fish Trap Road, Blue Ridge, Georgia, 30513 (the "Properties"). Plaintiff, as buyer, and Defendant, as seller, entered into the Agreements with a scheduled closing date of June 1, 2021. Plaintiff traveled from Colorado to Georgia

and appeared at the closing attorney's office on the scheduled closing day. Plaintiff was ready, willing, and able to consummate the transaction. Defendant flouted his obligations under the Agreements and failed to show up to the closing attorney's office on the closing day. Then, in bad faith, Defendant attempted to terminate the transaction *after* the scheduled closing date unlawfully.

Plaintiff filed this suit on October 18, 2021, to enforce the Agreements. (Doc. 1). Defendant was served with the Complaint and filed his Answer, Affirmative Defenses, and Counterclaims on November 15, 2021. (Doc. 7). The parties exchanged initial disclosures and submitted their Joint Preliminary Report and Discovery Plan. (Docs. 12, 13, 15). The parties have exchanged several discovery requests and responses and held several depositions. (*See* Docs. 16, 18, 20, 22, 23, 24, 27, 31, 35, 41, 42, 44, 45). This Court continued the discovery deadline to allow the parties to engage fully in necessary discovery (Docs. 26, 30, 34, 38).

## I.   <u>The Discovery Dispute</u>

On March 11, 2022, Defendant served his First Requests for Production of Documents to Plaintiff. (*See* Doc. 22). On April 18, 2022, Plaintiff responded by serving *Plaintiff's Responses to Defendant's First*

*Requests for Production of Documents.* (*See* Doc. 17). Plaintiff timely served its responses and document production set via email on the same day. A true and correct copy of the April 18, 2022, email with a link to the document production set is attached hereto as **Exhibit "A"** and incorporated herein by reference.[1]

Following Plaintiff's document production, there have been several discovery disputes (on both sides). Among those disputes, on or around August 11, 2022, Defendant sent a "Rule 37 Letter" which, among other things, sought to resolve Plaintiff's perceived lack of text messages. Plaintiff had produced text messages from an Apple iPhone of managing member John Thatcher which he acquired after June 2021 due to his Google Android phone malfunctioning around the same time.

---

[1] Defendant disingenuously claims that "[o]n January 24, 2023, after numerous promises to produce records to prior counsel and the undersigned, 7 IL finally produced 402 pages of records the vast majority of which Mr. Knight already had, completely failing to provide communications between and among 7 IL, Mr. Thatcher, Ms. McBee and Mr. Wilson, among others. Emails and other communications are extremely light and 7 IL conceded that complete production had not been made." (*See* Motion, 2). The implication is that Plaintiff had not met its discovery obligations and is demonstrably false. Plaintiff had timely produced its document production set on April 18, 2022, which contained the text messages it had access to at that time. (*See* Ex. A hereto). Furthermore, Plaintiff's alleged "concession" that it had not produced all documents disguises the indisputable fact that it *couldn't* deliver irretrievable text messages that Plaintiff had made Defendant's previous counsel aware of following its Rule 37 letter. Defendant took no action to retrieve the data despite offers made.

As this Court's Standing Order required, the counsel engaged in telephone conversations concerning the phone issues. During those phone conversations, Plaintiff's counsel made Defendant's counsel aware that John Thatcher's Google Android phone had malfunctioned, and counsel believed that the text messages were irretrievable. Also, during these telephone conversations, Plaintiff's counsel made the broken cell phone available to Defendant's previous counsel if they wished to pay for an expert to retrieve the data from the broken cell phone. Defendant took no action following these conversations.

Defendant's previous counsel then requested an extension of discovery because they became aware Defendant wanted to substitute them as counsel in the case. (*See* Doc. 38). Around November 22, 2022, Defendant hired new counsel (Attorney Frank Podesta), and the undersigned has provided Defendant's new counsel many professional courtesies in "catching up" on the case after having come into the case over a year and a month after Plaintiff filed the Complaint.

Around January 26, 2023, Plaintiff re-produced the documents in its possession and additional documents it had discovered after Plaintiff re-reviewed documents in its possession. Defendant again perceived that

"[e]mails and other communications [were] extremely light ." Counsel for
Plaintiff again re-explained to Defendant's new counsel that Defendant's
phone was inoperable and Plaintiff was unable to retrieve the desired
text messages from its Google Android phone. Again, Plaintiff's counsel
suggested that Defendant hire an expert to remove the data if Defendant
wanted to attempt to do so. A dispute arose concerning who would pay
for the removal of the data. The parties agreed to split the cost of the data
retrieval, and on February 13, 2023, this Court entered an Order
resolving the discovery issues. ("Order") (*See* Doc. 48).

## II.   <u>**The Order Regarding Discovery**</u>

The February 13, 2023, Order required that Plaintiff (1) "shall send
the cell phone in question to a data recovery company agreed to by the
Parties within three (d) business days of this Order"; (2) "[f]ollowing the
recovery of the data from the cell phone and transmission of said data to
7 IL, 7 IL shall have fourteen (14) days to perform a privilege review of
the materials and to produce responsive, non-privileged data to Mr.
Knight"; (3) "Mr. Knight shall then immediately issue notices of
deposition and subpoena for deposition to all remaining witnesses to be
concluded prior to the close of discovery;" (4) "[t]he Parties shall share the

cost of recover of the data from the agreed data recovery company, equally"; and (4) "[d]iscovery is hereby extended through and including March 24, 2023." (*See* Order, 2).

## III.   <u>Plaintiff's Compliance with the Order</u>

On February 16, 2023 (within 3-business days of the Order), Plaintiff submitted the phone to the data recovery vendor. A true and correct copy of the FEDEX label with tracking number 3946 7171 1188 and tracking history is attached hereto as **Exhibit "B"** and incorporated herein by reference.[2] The following is a summary of the email communications between the data recovery vendor and counsel following the data recovery vendor's receipt of the broken cell phone:

| Date | Description |
|---|---|
| 2/18/2023 | The data recovery vendor confirms receipt of the broken cell phone and asks for counsel for Defendant to sign the vendor's services agreement. Defendant's counsel forwards the email to Plaintiff's counsel. |
| 2/19/2023 | Plaintiff's counsel informs the data recovery vendor that the service agreement has Defendant's counsel's name on the agreement and requests that it be changed. |
| 2/20/2023 | • The data recovery vendor changes the name on the agreement.<br>• Also, on the same day, the data recovery vendor sends an email indicating that |

___

[2] The FEDEX tracking history shows that FEDEX timely received the package on February 16, 2023.

| | |
|---|---|
| | Plaintiff's counsel must call to obtain a pricing. |
| | • The plaintiff's counsel calls and speaks with a data recovery representative, indicating the data recovery vendor will send a pricing email. |
| | • Plaintiff's counsel emails the data recovery vendor representative and requests the pricing be sent. |
| | • Plaintiff's counsel receive email that states "to proceed with the recovery, please select your service plan from the following page" which is clicked and pricing options are provided. |
| | • Plaintiff's counsel sends follow up email asking if pricing is affected if limits are placed on the timeframe from which the texts are retrieved from the phone. |
| | • Data recovery vendor responds by email that states "unfortunately pricing is based on complexity of the recovery not how much data we get. Therefore, that would not lower the price." |
| | • Plaintiff's counsel responds "Ok, thanks for letting me know, I'll give you our selection after I talk with Mr. Podesta." |
| | • On the same day Plaintiff's counsel emails Defendant's counsel and provides pricing structure. |
| | • Defendant's counsel agrees with proposed $1800 option by email. |
| 2/22/2023 | • Plaintiff's counsel communicates to data recover vendor that the parties agree to select the $1800 level of service. In the same email Plaintiff's counsel reminds data recovery vendor that the bill is to be split between Plaintiff and Defendant. |

| | |
|---|---|
| | • Plaintiff's counsel receives email from data recovery vendor which states, "We will be able to get the process started once the work agreement is signed. Since we do not collect payment until the recovery is completed, this will have to be filled out. Once the recovery is done I can then send the appropriate invoices out."<br>• Data recovery vendor emails Plaintiff's counsel "I'm happy to inform you that we've received your authorization to proceed with the recovery process, which is already underway or will begin shortly." |
| 3/10/2023 | • Plaintiff's counsel receives email from data recovery vendor which states, "Are you available to discuss your recovery project?"<br>• Plaintiff's counsel calls data recovery vendor and asks what the email is about and is told that Plaintiff's counsel needs to verify the data recovered.<br>• Plaintiffs counsel then receives a second email: Your data is ready to be verified. Please use the Actual File Directory Download Link below to see the data that has been recovered. This email does NOT contain your actual data. Results of recovery are as follows - Full recovery: Actual File Directory Download Link: [Link].<br>• Plaintiff's counsel reviews and verifies the information. |
| 3/21/2023 | • Plaintiff's counsel receives an email from data recover vendor which states "Are you available to discuss your recovery project?".<br>• Plaintiff's counsel responds with an email "Yes, can you please tell me that status?" |

| | |
|---|---|
| | • Plaintiff's counsel calls phone number on the email and does not reach data recovery vendor and leaves a message with a different data recovery representative reminding the representative to split the bill when the data recovery is completed. |
| 3/27/2023 | • Defendant's counsel emails Plaintiff's counsel and writes "Any word on this? We're past the last discovery extension. I haven't heard whether you have the data." <br><br> • Plaintiff's counsel responds "No, I've asked them what's going on. They sent me a summary of the files they can pull and I said to send us a split bill. That was the last I heard. I'll follow up again today after a hearing I have this morning." <br><br> • Defendant's counsel forwards a payment link to Plaintiff's counsel which reads, "Hello Gary, [t]hank you for choosing SecureData. Below is the payment link, please process it online." |
| 3/28/2023 | • Plaintiff's counsel emails data recover representative, "Randall, I did not receive a response to the below email. Can you please tell me the status?" <br><br> • Data recovery vendor responds, "The recovery is completed. We just need to collect payment from both parties. We have sent the payment links over but in case you didn't receive yours I have included it below. [Link]" <br><br> • Defendant's counsel sends email to Plaintiff's counsel "Please discuss this with Randall. Their claim is that they have tried to contact you, but you have failed to respond and pay the invoice." |

|  | • Plaintiff's counsel responds "Nope, I've reached out several times. I'll try again. Thanks for looking into it. I did just receive the invoice though." |
|---|---|
| 3/29/2023 | Plaintiff's counsel pays Plaintiff's portion of invoice. A true and correct copy of the invoice marked paid is attached hereto as **Exhibit "C"** and incorporated herein by reference. |
| 4/4/2023 | • Data recovery vendor emails Plaintiff's counsel "Thank you for your business. It was a real pleasure to work with you. Should you need any further assistance, please let me know." |
| 4/6/2023 | • Data package arrives at Plaintiff's counsel's office. Plaintiff's counsel is out of the office<br>• Defendant's counsel emails Plaintiff's counsel "Where are we on the text message production?" |
| 4/10/2023 | • Plaintiff's counsel responds to Defendant's counsel's email, "We just got it, and I'm going to hopefully start looking at it today."<br>• Defendant's counsel emails Plaintiff's counsel "We need to say something to the Court. Did they explain what the hold up was?"<br>• Plaintiff's counsel responds, "No, they did not." |
| 4/11/2023 | • Data recovery vendor emails both Plaintiff and Defendant counsel **that Defendant is threatening data security vendor** as follows:<br><br>Gentleman,<br><br>We have a Gary Knight contacting us for a log of all the work done, time that the device arrived, shipped, approval dates, |

| | |
|---|---|
| | as    etc... As he is not an authorized contact in this case, we will need written permission to release any information to him. We also normally do not provide this information it is more related to our forensics department. He is however threatening to do a chargeback for his half of the bill and accusing us of fraud, as well as subpeaning us to court. Please advise on how we should proceed.<br>• Plaintiff's counsel responds "We have no objection to providing information concerning date device arrived,   shipped. What other information is needed Frank? I received the package yesterday and have started to go through the information. Thanks for your assistance, Randall."<br>• Defendant's counsel responds, "You may release permission to me on his behalf and I'll turn it over to him." |
| 4/13/2023 | • Data security vendor turns over chain-of-custody form showing chain of custody of the broken cell phone. A true and correct copy of the chain of custody form is attached hereto as **Exhibit "D"** and incorporated herein by reference.<br>• Plaintiff's counsel sends Defendant email with chain-of-custody form and writes, "I received this today. Let me know if you want to discuss. Seems like there might have been some delay due to payment instructions and/or perhaps miscommunication of the same. I think when they originally sent out an invoice, it was on one invoice instead of split in two, and we had to go back and tell them to split it, which they did. Not really sure why it took so long though. Either way, I have the |

| | |
|---|---|
| | data and am reviewing the data and will have to you per the order's instructions. Since we received the docs on 4/6, we should have 14 days to produce the data, which would be on 4/20. Agreed?" We'll need to submit another joint motion to extend discovery to allow for the deposition. I'll talk to my client and see when he's going to be next available. |
| 4/20/2023 | Plaintiff's counsel sent an email to Defendant's counsel, "I'm attaching the text messages from b/w John Thatcher and Dee McBee that were pulled from the phone. This is the bulk of the responsive data pulled from the broken phone. I'll update the BATES numbers on everything tomorrow and re-send. The remaining documents (there were not many) will be sent in a separate email link from our IT department." |

Following the above email communications, Plaintiff's counsel provided dates to Defendant's counsel for the deposition of John Thatcher. Defendant has not sent out any notice of deposition to date, despite the Order requiring "Mr. Knight shall then immediately issue notices of deposition and subpoena for deposition to all remaining witnesses to be concluded prior to the close of discovery ."(*See* Order, 2).

## **ARGUMENT AND CITATION TO AUTHORITY**

"In a civil contempt proceeding, the petitioning party bears the burden of establishing by 'clear and convincing' proof that the underlying order was violated." *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d

1205, 1212 (11th Cir. 2019) (citing *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). "After the moving party makes this prima facie showing, the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond a mere assertion of inability." *Id.* (quoting *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 976 (11th Cir. 1986))(internal punctuation omitted). "The focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." (*Id.*) (internal punctuation omitted).

Here, Defendant failed to meet his burden by showing "clear and convincing evidence" that Plaintiff violated the underlying Order. Not only was Defendant unable to provide clear and convincing evidence, but in fact, Defendant failed to provide *any* evidence of a violation of the Order. Plaintiff complied with the Order to the letter. Defendant also could not follow this Court's standing order concerning discovery disputes because whatever *perceived* dispute clearly was not due to a violation of the Order. (*See* Standing Order II(b)(iii)).

The Order required four things to occur: (1) Plaintiff "shall send the cell phone in question to a data recovery company agreed to by the Parties within three (d) business days of this Order"; (2) "[f]ollowing the recovery of the data from the cell phone and transmission of said data to 7 IL, 7 IL shall have fourteen (14) days to perform a privilege review of the materials and to produce responsive, non-privileged data to Mr. Knight"; (3) "Mr. Knight shall then immediately issue notices of deposition and subpoena for deposition to all remaining witnesses to be concluded prior to the close of discovery;" (4) "[t]he Parties shall share the cost of recover of the data from the agreed data recovery company, equally"; and (4) "[d]iscovery is hereby extended through and including March 24, 2023." (*See* Order, 2).

Plaintiff complied with its obligations concerning the first item by sending the broken phone to the data recovery vendor on February 16, 2023, within three business days. (*See* Exhibit B).[3] As for the second item, Defendant complied by sending the relevant data from the cell phone (after completing its privilege and relevancy review) within 14 days from

---

[3] Defendant misrepresents in its motion that the Order required Plaintiff to send the broken phone by February 13. (*See* Motion 2, 3). Defendant purposefully misrepresented to this Court the wording of the Order they drafted. The Order says Plaintiff "shall send the cell phone in question to a data recovery company agreed to by the Parties within three (d) business days of this Order ."

receipt to Defendant's counsel. (*See* email dated April 20, 2022; *see also* Exhibit D). Defendant's counsel received the email with the information provided and did not contact Plaintiff's counsel after that, questioning the information

The third item on the Order was an obligation this Court imposed on Mr. Knight and not Plaintiff. Notably, Mr. Knight failed to comply with his duty to send deposition notices "immediately" and subpoena for deposition all remaining witnesses. Plaintiff provided multiple dates, but none were good enough for Defendant. If there was any contempt of the Order, Defendant flouted his obligations to notice the depositions—just like he ignored his duties by failing to close on the underlying purchase and sale contract.

Finally, as to item four on the Order, Plaintiff complied by paying its share of the data recovery cost precisely as required when it received the invoice. (*See* Exhibit C).

Accordingly, there has been no contempt of the Order by Plaintiff. Instead, Defendant has filed its motion with malice and with an intent to harass and annoy Plaintiff by causing it unnecessary trouble and expense by having to respond to a frivolous Motion that is not supported by <u>any</u>

evidence, let alone clear and convincing evidence. Defendant relies upon conjecture and speculation. Because Defendant's motion is frivolous and nothing more than gaslighting, Defendant should be required to pay Plaintiff's attorney's fees and costs for unnecessarily wasting its time responding to nonsensical conspiracy theories. Worse, Defendant is still attempting to subpoena the data recovery vendor due to the delay in receiving the broken cell phone data. These "efforts" have nothing to do with the case's merits and waste valuable judicial resources.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Plaintiff's Motion for contempt.

|  | */s/ Brian S. Goldberg* |
|---|---|
| FREEMAN MATHIS & GARY LLP | Brian S. Goldberg |
| 100 Galleria Parkway, Suite 1600 | Georgia Bar No. 128007 |
| Atlanta, GA 30339-5948 | *Attorney for Plaintiff* |
| (T) 678-996-9140 | |
| (F) 678-236-9154 | |
| Brian.Goldberg@FMGLaw.com | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, by my signature below, I hereby certify that the foregoing RESPONSE BRIEF IN OPPOSITION TO DEFENDANT GARY KNIGHT'S MOTION FOR CONTEMPT has been prepared in Times New Roman, 14-point font, in compliance with Local Rules 5.1B and C.

This 10th day of May, 2023

FREEMAN MATHIS & GARY LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(T) 678-996-9140
(F) 678-236-9154
Brian.Goldberg@FMGLaw.com

*/s/ Brian S. Goldberg*
Brian S. Goldberg
Georgia Bar No. 128007
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that I have this day filed the within and foregoing RESPONSE BRIEF IN OPPOSITION TO DEFENDANT GARY KNIGHT'S MOTION FOR CONTEMPT with the Clerk of the Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all counsel of record.

This 10th day of May, 2023

FREEMAN MATHIS & GARY LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(T) 678-996-9140
(F) 678-236-9154
Brian.Goldberg@FMGLaw.com

*/s/ Brian S. Goldberg*
Brian S. Goldberg
Georgia Bar No. 128007
*Attorney for Plaintiff*