IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| 7 IL PROPERTIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 2:21-CV-226-RWS |
| GARY KNIGHT. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF 7 IL PROPERTIES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT GARY KNIGHT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

COMES NOW, Plaintiff 7 IL Properties, LLC ("Plaintiff") and pursuant to LR 56.1 files this Response in Opposition to Defendant Gary Knight's Motion for Summary Judgment ("Knight MSJ") [Doc. No. 63]. In support of Plaintiff's Response, Plaintiff respectfully shows this Court the following points and contentions:

**A.  As a buyer of two unique riverfront properties in the north Georgia mountains, Plaintiff does not have an "adequate remedy at law" but for specific performance.**

In his motion for summary judgment, Defendant attempts to argue that Plaintiff, as a buyer, has an "adequate remedy at law", and thus,

specific performance is not appropriate in this case. The defendant conveniently neglects to mention that these two approximately one-million-dollar valued properties are luxury riverfront properties nestled in the north Georgia mountains. Ignoring their inherent "uniqueness", Defendant argues that Plaintiff's asserted *alternative* count of breach of contract constitutes an "adequate remedy at law."

However, Plaintiff is permitted to plead in the alternative under Federal Rule of Civil Procedure 8 and is expressly permitted to assert a breach of contract in the alternative to specific performance under Georgia law. O.C.G.A. § 23-2-135 ("If, for any cause, specific performance is impossible or if the vendee declines to accept a performance in part, the court may proceed to assess damages for the breach of the contract."); *see also Clayton v. Deverell*, 257 Ga. 653, 654, 362 S.E.2d 364, 365 (1987) ("[W]here the vendor or other complaining party is entitled to specific performance, it is accurate to state that he "has his election between specific performance and damages…[t]hus, although the plaintiff is allowed to pursue alternative remedies of specific performance and damages, if the plaintiff obtains an award of specific performance, he certainly is not also entitled to an award of damages which would have

resulted from the defendant's failure to perform the parties' contract."). The defendant's argument fails for this reason alone.

But the Defendant also cites the case *Sexton v. Sewell,* 351 Ga. App. 273, 275, 830 S.E.2d 605, 608 (2019) and in an explanatory note claims that the Georgia Court of Appeals "expressly reject[ed] the premise that real estate purchases are always subject to specific performance on the grounds that every property is unique, and instead holding that a plaintiff may seek specific performance if the sales contract meets certain requirements". *See* Knight MSJ, 10. The defendant misapplied *Sexton*.

In *Sexton*, around March 2017, the Sextons ("Buyers"), offered to purchase a property for $1,775,000 before it was listed. 351 Ga. App. 273 (2019). The parties signed a contract the same day with a two-week due diligence period, during which the property was appraised at $75,000 above the contract price. (*Id.*). Post-due diligence, the Buyers, moving to North Carolina for personal reasons, intended to purchase and resell the property, requesting the Sewells ("Sellers") permission to show it to potential buyers, which was granted for one day. (*Id.*). However, no resale occurred. (*Id.*). In May, the **Buyers** sought to terminate the contract, forfeiting their $40,000 earnest money. (*Id.*) (emphasis added).

The Sellers, rejecting this offer, threatened legal action if the Buyers failed to close. (*Id.*). The Buyers did not close, leading the Sellers to file a lawsuit for specific performance, damages, and attorney fees. Subsequently, both parties filed for partial summary judgment, with the court ruling in favor of the Sellers, while reserving judgment on ancillary damages and attorney fees. (*Id.*).

In reversing the grant of summary judgment, the Court of Appeals discussed whether the **Sellers** had an adequate remedy at law. Primarily, the Court focused on the proposition that it is "well established that monetary damages are not an adequate legal remedy where … the contract sought to be performed involved the sale of unique real property" and held that "[u]nder the circumstances presented here, this argument lacks merit." *Id.* at 278. The holding is limited to situations where *sellers* are seeking specific performance as the Court noted "[w]ith one exception [*Hampton Island, LLC v. HAOP,* LLC, 306 Ga. App. 542, 702 S.E.2d 770 (2010)] all of the cases cited by the Sellers for this proposition involved facts and/or law that clearly distinguished them from the instant case, in that they involved: a buyer or renter seeking specific performance of a contract to sell or lease property…" (*Id.* at 278).

Notably, in *Sexton,* the Court of Appeals holding merely rejected applying a blanket rule that real estate was *always* unique, again, from the perspective of a seller. *See id*. The Court of Appeals went on to say, "[t]his is because, even assuming that each and every parcel of land, house, apartment, condominium, etc., is, in fact, 'unique,' there is nothing 'unique' about cash, or more specifically, the cash of potential **purchasers**." (*Id*. at 279) (emphasis added).

In the present case, the facts are distinguishable from *Sexton* in that the Plaintiff in this case is the buyer of the real estate and not the seller. This fact alone renders *Sexton* inapplicable. The Plaintiff in this case contracted to receive a conveyance of two unique million-dollar valued riverfront properties nestled in the north Georgia mountains, whereas the Defendant contracted to convey the properties in exchange for cash payment.

There can be no doubt, that the facts of this case warrant a decree of specific performance as Plaintiff has met its burden of showing that it has no adequate remedy at law as $10,000 earnest money for each property does not compensate Plaintiff fully for the loss of two unique million-dollar valued riverfront properties nestled in the north Georgia mountains. These properties are very unique and Plaintiff entered into

two purchase and sale agreements to purchase these unique properties. The defendant failed to honor their obligations and simply failed to show up to the closing scheduled for June 1, 2021.

**B.   There is no genuine dispute that Plaintiff has met all of the requirements for this Court to decree specific performance.**

It is not in dispute that Plaintiff has satisfied all the legal prerequisites for this Court to decree specific performance. "Specific performance of a contract, if within the power of the party, will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for nonperformance." O.C.G.A. § 23-2-130. For specific performance to be an available remedy where an option to purchase realty is involved, the option must be certain, definite, and specific as to all essential elements: (1) subject matter, (2) purpose, (3) parties, (4) consideration, and (5) time and place of performance; furthermore, the contract must be fair in all parts, based upon an adequate consideration, and capable of being performed. *Hutson v. Young*, 255 Ga. App. 169, 171, 564 S.E.2d 780, 783 (2002) (citing *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, 101(1), (2), 97 S.E.2d 129 (1957); *Redmond v. Sinclair Refining Co.*, 204 Ga. 699, 704(1), 51 S.E.2d 409 (1949); *Nowlin v. Davis*, 245 Ga.App. 821, 822(1), 538 S.E.2d 900

(2000)). Thus, so long as the contract for the sale of land is in writing, signed by the other party, is certain and fair, for adequate consideration, and capable of being performed, a court of equity can decree that it be specifically performed. *Behdadnia v. E.E. Beavers Family P'ship, L.P.*, 345 Ga. App. 711, 713, 815 S.E.2d 103, 105 (2018) (citing Fox Run Properties, LLC v. Murray, 288 Ga. App. 568, 573 (2), 654 S.E.2d 676 (2007)).

There is no dispute that the parties entered into purchase and sale agreements whereby Plaintiff agreed to purchase, and Defendant agreed to sell, properties located at 253 River Heights Road, Blue Ridge, Fannin County, Georgia 30313 ("River Heights Property") and 92 Fish Trap Road Road, Blue Ridge, Fannin County, Georgia 30513 ("Fish Trap Property"). *See* Knight SOMF ¶¶ 1, 22; 7 IL SOMF ¶¶ 1, 19. There is no dispute that the terms of the contract are in writing and signed by the Plaintiff and Defendant. *See* Dep. of Knight 89:23. Neither do the parties dispute price, purpose, or time and place of performance. *See generally parties SOMF*. The parties do not dispute that the contract was fair, based on adequate consideration, and/or capable of being performed. *See generally parties SOMF*. Finally, the parties do not agree that Plaintiff showed up to the closing, but Defendant did not. Pl. SOMF ¶¶ 41, 42.

Defendant disingenuously argues that "the encroachment issue" somehow creates a discrepancy as to the "subject matter" because "[b]oth Mr. Knight and 7 IL believed that the 92 Fish Trap PSA involved the purchase of a property which was not actually the property to be bought and sold." Knight MSJ, 11. Defendant fails to cite how either party believed that the92 Fish Trap PSA…was not actually the property to be bought and sold." Not only does this make little sense, but it is also not supported by Georgia law. *See* O.C.G.A. § 23-2-134 ("The vendor seeking specific performance shall show an ability to comply substantially with his contract in every part and as to all the property. However, <u>a vendor's want of title or other inability as to part of the property shall not be a good answer to the vendee seeking performance who is willing to accept title to part of the property, receiving compensation for the other part</u>. <u>If the defects in the vendor's title are trifling or comparatively small, equity shall decree at his instance, granting compensation for such defects</u>.") (emphasis added). It is undisputed that Plaintiff was willing to accept title as is with the encroachment. The plaintiff wanted to proceed. (Dep. of Gary Knight 99:1 – 99:3); *see also* 7 IL SOMF ¶ 40, 41.

Defendant also argues that "both properties are also burdened by the easement issues which are the true crux of the dispute. Clearly drawn

easements were critical to both Mr. Knight and 7 IL through Mr. Thatcher. Neither Party was willing to end up in an endless easement litigation over well water rights, footpath rights or railroad crossing rights for years after closing." Knight MSJ, 11-12. While it is unclear what exactly Defendant means that "both parties were burdened by the easement issue", it is undisputed that on April 5, 2021, the parties executed the first amendment to the Fish Trap PSA, which stated, "[a]ll parties acknowledge and agree river easements and community well water maintenance agreements to be drafted by a Georgia licensed attorney prior to or at closing." (Dep. of Knight 73:15 – 74:5). Again, the parties do not disagree that Plaintiff showed up to the closing, but Defendant did not, and so Defendant has no grounds to argue that they did not know what the easement said on the day of the closing because of course he didn't—he wasn't there. Pl. SOMF ¶¶ 41, 42.

  Despite this, Defendant argues also that, "[b]ecause Mr. Wilson, the attorney for 7 IL who had agreed to take on the task of drafting the easements, had failed to provide specific easements to anyone (including his own client) at any stage, the Parties were clueless as to what exactly was being bought and sold." Knight MSJ, 12. This is a preposterous argument because it simply isn't true and isn't supported by the evidence

of record. The evidence clearly shows that Terry Wilson *did* prepare proposed easement agreements on the day of the closing and that Defendant would have seen those and could have discussed them had he shown up to the closing. (*See* Exhibit 6 to the Depo. of Gary Knight, September 15, 2022; *see also* Dep. of Terry Wilson 63:14 – 24). Defendant's motion for summary judgment should be denied.

## C. <u>Defendant erroneously argues that Plaintiff cannot assert a claim for breach of warranty of title.</u>

The defendant argues that "Georgia Law does not recognize a tort for anticipated breach of warranty of title, which is effectively what 7 IL is attempting to present." Knight MSJ, 13. The defendant does not argue for an "anticipated breach of warranty of title." As discussed in Plaintiff's motion for summary judgment, "[u]pon a breach of a covenant of warranty of title to land, the damages awarded should be the purchase money with interest thereon from the time of sale unless the jury determines, under the circumstances of the case, that the use of the premises was equal to the interest on the money and determines that an equitable setoff should be allowed. However, if valuable improvements have been made on the premises, the interest should be allowed." O.C.G.A. § 44-5-66.

The defendant attempts to argue that because there was no closing, there can be no breach of warranty of title. This is true, which is why Plaintiff stated in its amended complaint "[u]pon judgment ordering Defendant to specifically perform his obligations under the 92 Fish Trap Road Agreement, Defendant is liable to Plaintiff for breach of warranty of title related to the 92 Fish Trap Road Property. Plaintiff concedes that if this Court does not grant specific performance on the 92 Fish Trap Property, then there would be no breach of warranty of title claim. However, Plaintiff has shown, through its motion for summary judgment why Defendant is liable. Notably, Defendant does not dispute that they *would* be liable if this Court were to grant specific performance. Defendant's motion for summary judgment should be denied.

### D. Plaintiff's claim for negligent misrepresentation is supported by the facts and the law.

Defendant argues that "7 IL's claim for negligent misrepresentation deals exclusively with the 92 Fish Trap PSA and pointedly just the issue of the encroachment," and that "had 7 IL pulled a survey of 92 Fish Trap, the false information would have been discovered. 7 IL's premise that Mr. Knight failed to advise 7 IL of the encroachment at the time of the execution of the 92 Fish Trap PSA or its last amendment is not based on

intent." Knight MSJ, 15. Defendant admits that the information was "false" on the sellers disclosures, and does not dispute that within the Fish Trap Disclosures, Defendant affirmatively verified there were no encroachments, unreported easements, or boundary line disputes as to the Fish Trap Property. (Dep. of Knight 72:10 – 72:25), as well as verifying that none of the improvements to the Fish Trap Property encroached onto a neighboring property. (Dep. of Knight 73:1 – 73:4; see also Exhibit 4 to the Dep. of Knight). The defendant testified that he received a call on May 31, 2021, notifying him of the encroachment issue on the Fish Trap Property. (Dep. of Knight 82:5–82:20), but, the Fish Trap Survey was ordered on or about April 16, 2021, and the surveyor notified Defendant of the encroachment issue related to the driveway on April 22, 2021. (Dep. of Adam Walker 11:9 – 11:14; 119:5 – 119:11). Despite Defendant learning of the encroachments as early as April 22, 2021, he did not inform Plaintiff until the day of the closing on June 1, 2021. (Dep. of Thatcher 58:11-14). Defendant negligently represented to Plaintiff that there were no encroachments and continued to withhold that information from Plaintiff for over a month before he told Plaintiff. Defendant's negligent misrepresentations in the Fish Trap Disclosures have caused damages to Plaintiff by the closing not proceeding (solely

due to Defendant's actions), lost profit from rents, and attorneys' fees and costs. The defendant's summary judgment should be denied.

**E.    The defendant's argument that "7IL Cannot Support of Claim for Breach of Contract" fails as a matter of law.**

Defendant argues that "7 IL's fourth claim, breach of contract, fails both because the Easement Amendments to the two PSAs were incredibly vague, rendering the contracts unenforceable; and because Mr. Wilson, the attorney for 7 IL, identified as the Georgia licensed attorney in the only clear section of either Easement Amendment, failed to draft any easements, eliminating 7 IL's right to complain." Knight MSJ, 16. Defendant claims that "7 IL…failed to prepare the easements via their attorney Mr. Wilson…is not the party who has the right to complain about the contract being broken, and (b) the plain meaning of the words of the contracts are vague." Knight MSJ, 17. For the same reasons Defendant's argument fails, as discussed in the specific performance section above, Defendant's argument fails here.

Defendant again attempts to wrongly claim that "[d]espite repeated demands for some draft of the easements, which were to be complicated, Mr. Wilson never produced a single draft of the easements even as of today." *Id*. The evidence clearly shows that Terry Wilson *did* prepare

proposed easement agreements on the day of the closing and that Defendant would have seen those and could have discussed them had he showed up to the closing. (*See* Exhibit 6 to the Depo. of Gary Knight, September 15, 2022; *see also* Dep. of Terry Wilson 63:14 – 24).

The defendant finally spent a significant amount of its brief to argue that the contract was vague and indefinite. Knight MSJ, 16-19. In support of this argument, Defendant cites to *Hitt v. Lord*, 194 Ga. App. 655, 655, 391 S.E.2d 681, 682 (1990). In *Hitt,* the Court of Appeals found that "[t]he evidence of record shows that the sales contract was executed subject to the controlling special stipulation: "1. Subject to rezoning...." The contract is utterly silent as to whose duty it was to have the property rezoned." *Hitt*, 194 Ga. App. at 655 (1990). Thus, in the *Hitt* case, the contract was "subject" to certain zoning taking place, and then was silent as to whose responsibility it was to complete the rezoning.

Here, there is no such uncertainty. First, both parties admit that the written and enforceable contracts were signed by both parties with the terms being outlined therein. *See* Am. Compl. ¶ 7; Ex. A; admitted Ans. ¶ 7; Def's Resp. to Req. for Adm. ¶ 1; Def's Resp. to Req. for Adm. Ex. A; Def's Resp. to Interrog. ¶ 18; Dep. of Gary Knight 41:20 – 42:10;

Am. Compl. ¶ 16; Am. Compl. Ex. B; admitted Ans. ¶ 16; see also Def's Resp. to Req. for Adm. ¶ 2; Def's Resp. to Req. for Adm. Ex. B.

Second, the third amendment to the River Heights PSA also required that the Access Easements must be written by a licensed Georgia attorney prior to, or at closing. (Ex. A. at 16). Also, on April 5, 2021, the parties executed the first amendment to the Fish Trap PSA, which stated "[a]ll parties acknowledge and agree river easements and community well water maintenance agreements to be drafted by a Georgia licensed attorney prior to or at closing." (Dep. of Gary Knight 73:15 – 74:5). Thus, to the extent that Defendant claims he was uncertain as to who was supposed to be preparing the easement, that is laid out in the agreement and was prepared by Attorney Terry Wilson. Defendant's motion for summary judgment should be denied.

## Conclusion

For the foregoing reasons, Defendant's motion for summary judgment should be denied.

Respectfully submitted this 5th day of December 2023.

|  |  |
|---|---|
| FREEMAN MATHIS & GARY LLP<br>100 Galleria Parkway, Suite 1600<br>Atlanta, GA 30339-5948<br>(T) 678-996-9140<br>(F) 678-236-9154<br>Brian.Goldberg@FMGLaw.com | */s/ Brian S. Goldberg*<br>Brian S. Goldberg<br>Georgia Bar No. 128007<br><br>*Attorney for Plaintiff* |

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing has been prepared in accordance with Local Rule 5.1(C).

This 5th day of December, 2023.

|  |  |
|---|---|
| | */s/ Brian S. Goldberg* |
| | Brian S. Goldberg |
| FREEMAN MATHIS & GARY LLP | Georgia Bar No. 128007 |
| 100 Galleria Parkway, Suite 1600 | *Attorney for Plaintiff* |
| Atlanta, GA 30339-5948 | |
| (T) 678-996-9140 | |
| (F) 678-236-9154 | |
| Brian.Goldberg@FMGLaw.com | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing ***PLAINTIFF 7 IL PROPERTIES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT GARY KNIGHT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW*** with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification and a copy of such filing to all counsel of record who are CM/ECF participants.

This 5th day of December, 2023.

FREEMAN MATHIS & GARY LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(T) 678-996-9140
(F) 678-236-9154
Brian.Goldberg@FMGLaw.com

*/s/ Brian S. Goldberg*
Brian S. Goldberg
Georgia Bar No. 128007
*Attorney for Plaintiff*