IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| 7 IL PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 2:21-CV-226-RWS |
| GARY KNIGHT. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF 7 IL PROPERTIES, LLC'S RESPONSE TO GARY KNIGHT'S STATEMENT OF UNDISPUTED FACTS

COMES NOW, Plaintiff 7 IL Properties, LLC ("Plaintiff") and pursuant to LR 56.1(2)(a) files its Response to "Gary Knight's Statement of Undisputed Facts in Support of Summary Judgment" [Doc. No. 63-1], showing the Court as follows:

1.

On March 14, 2021, Gary Knight and John Thatcher (as managing member of 7 IL Properties, LLC) executed a purchase and sale agreement under which 7 IL Properties, LLC would purchase that property identified as 253 River Heights Road, Blue Ridge, Fannin County, Georgia 30513 (hereafter, "253 River") from Mr. Knight pursuant to the

terms of said agreement (hereafter, the "253 River PSA"). Attachment A, Deposition of John Thatcher, 21:20-25 & Exhibit A.

**Response:** **Admitted.**

2.

Attorney Terry L. Wilson was the closing attorney for the 253 River PSA and the 92 Fish Trap PSA (addressed infra). Attachment B, Deposition of Terry L. Wilson, 10:9-10.

**Response:**  **Admitted.**

3.

Since both deals were cash deals, Mr. Wilson represented the Buyer, 7 IL, in both deals. Wilson Depo. 10:22-11:2; 14:18-21; 15:1-3.

**Response:**  **Admitted.**

4.

The closing date for the 253 River PSA was June 1, 2021. Wilson Depo. 14:1-5.

**Response:** **Admitted.**

5.

253 River abuts the Toccoa River. Thatcher Depo., Exh. A, p. 11.

**Response:** **Admitted.**

6.

The road access to 253 River and the Toccoa River access to 253 River are separated by the Blue Ridge Scenic Railway (hereafter, the "Railroad"). Thatcher Depo., Exh. A, p. 11.

**Response: Admitted.**

7.

253 River does not have its own access to cross the Railroad. Wilson Depo. 22:24-23:22.

**Response: Denied as stated. The contract was to provide access easements to cross the Railroad.  Thatcher Depo., Exh. A, p. 19.**

8.

The "home" on 253 River is across the Railroad from the Toccoa River. Thatcher Depo., Exh. A, p. 11.

**Response: Denied as stated. The location of the Railroad in relation to 253 River is depicted on Thatcher Depo., Exh. A, p. 11.**

9.

Without access to cross the Railroad, inhabitants and/or guests in the home on 253 River would not be able to access the Toccoa River. Thatcher Depo., Exh. A, p. 11.

**Response:** **Denied as stated. The contract was to provide access easements to cross the Railroad. Thatcher Depo., Exh. A, p. 19. The location of the Railroad in relation to 253 River is depicted on Thatcher Depo., Exh. A, p. 11.**

10.

253 River may be seen on the plat within the 253 River PSA as Lot 15. Thatcher Depo., Exh. A, p. 1, 13.

**Response:** **Admitted that 253 River is depicted as Lot 15 on Thatcher Depo., Ex. A, p. 1, but not p. 13. Page 13 is a bill of sale.**

11.

Mr. Knight also owns Lot 13 on this plat.

**Response:** **Denied. First, there is no plat shown on page 13 of Thatcher Depo., Ex. A. Upon information and belief, Defendant is referring to page Thatcher Depo Exhibit A at 12. As to lot 13 shown on page 12 of Thatcher Depo Exhibit A, denied. 7 IL is the**

owner of Lot 13 (*See* **Deed Book 1439, Page 124, Fannin County, Georgia Records).**

12.

Through Lot 13, Mr. Knight owns access to cross the Railroad to access the Toccoa River. Wilson Depo. 26:7-29:6.

**<u>Response:</u>  Denied, see response to paragraph 11.**

13.

For this reason, 7 IL negotiated an easement with Mr. Knight to allow the inhabitants and/or guests of 253 River (Lot 15) to utilize the Railroad access on Lot 13. Thatcher Depo. 23:17-24:16.

**<u>Response:</u> Denied as stated, see response to paragraph 11. Upon information and belief, Defendant meant to reference lot 14, and not lot 13. As to lot 14, admitted. As to lot 13, denied.**

14.

Without such an easement, guests of 7 IL at 253 River would have been unable to cross the Railroad to access the Toccoa River. Wilson Depo. 60:1-15.

**<u>Response:</u> Denied as stated. Parties could potentially have a variety of other legal basis to cross the Railroad, i.e. easement**

by necessity, or just by crossing the Railroad by consent of the Railroad.

15.

7 IL deemed this easement necessary to purchase 253 River. Thatcher Depo. 24:14-16.

**Response: Admitted in part. Plaintiff also stated it was requested "for clarity". Thatcher Depo. 24:8-9. Plaintiff also "wanted it in a document form that would then be with the contract." *Id.***

16.

As a result, Amendment to Agreement 3 (previously, erroneously marked as 2 in the 253 River PSA) was drafted (hereafter, "253 River Amendment 3"). Thatcher Depo., Exh. A, pp. 19-20.

**Response: Admitted only that Agreement 3 contains the parties written agreement as to the easements to be drafted by Terry Wilson at or before the closing for 253 River.**

17.

253 River Amendment 3 was executed by the Parties on April 5, 2021. Thatcher Depo., Exh. A, p. 20.

**Response: Admitted.**

18.

253 River Amendment 3 states in part that (a) "Buyer to maintain $5 Million liability insurance for railroad crossing in order to use easements," and (b) "community well agreement / easements to be written by Licensed Georgia attorney at or prior to closing." Thatcher Depo., Exh. A, p. 20.

**Response: Admitted.**

19.

Mr. Wilson was aware of the easement issues on the 253 River and 92 Fish Trap properties (including well water, river access and footpaths) from a prior closing on a property previously owned by Mr. Knight which had been sold to a fellow named Thor James. Wilson Depo. 19:19-23.

**Response: Denied as stated. Mr. Wilson stated, "[t]here were easements involved." Wilson Depo. 19:19-21. At no point did Mr. Wilson testify or agree there were "easement issues".**

20.

Mr. Thatcher stated that he did not want any properties without proper easements. Thatcher Depo. 104:5-10.

**Response:** **Admitted.**

21.

As of May 28, 2021, (as stated in a text message to Dee McBee, 7 IL's realtor), Mr. Thatcher had not yet seen the easements and wanted to get the wording correct. Thatcher Depo. 109:14-21, Exh. O, p. 17.

**Response:** **Admitted.**

22.

On April 2, 2021, Gary Knight and John Thatcher (as managing member of 7 IL Properties, LLC) executed a purchase and sale agreement under which 7 IL Properties, LLC would purchase that property identified as 92 Fish Trap Road Road, Blue Ridge, Fannin County, Georgia 30513 (hereafter, "92 Fish Trap") from Mr. Knight pursuant to the terms of said agreement (hereafter, the "92 Fish Trap PSA"). Thatcher Depo., 37:22-38:1 & Exh. F.

**Response:** **Admitted.**

23.

On April 5, 2021, the Parties executed Amendment 1 to the 92 Fish Trap PSA, which required that "river easements and community well (water) maintenance agreements ... be drafted by [a] Georgia licensed attorney prior to or at closing." Thatcher Depo., Exh. F, p. 20.

**Response: Admitted that Amendment 1 states, among other things, that "river easements and community well (water) maintenance agreements ... be drafted by [a] Georgia licensed attorney prior to or at closing." However, Exhibit F, p. 20 is not Amendment 1. Amendment 1 is Thatcher Depo. Exhibit F at 22.**

24.

7 IL wanted to have the easements on the 92 Fish Trap property drafted by a licensed attorney, and wanted written easements for well water and for access to the Toccoa River. Thatcher Depo., 41:9-25; 46:16-25.

**Response: Admitted.**

25.

According to Mr. Thatcher, the Parties had agreed to include a footpath easement in the 92 Fish Trap PSA. Thatcher Depo. 83:18-25.

**Response: Admitted.**

26.

The 92 Fish Trap PSA does not specifically discuss any footpath easement. Thatcher Depo. 84:21-85:11.

**Response: Admitted.**

27.

The 92 Fish Trap PSA contemplated the purchase of Lot 10 on the plat enclosed within. Thatcher Depo., Exh. F, p. 1, 17.

**Response: Admitted as to Lot 10, and Exhibit F pg. 1, but pg. 17 does not reference Lot 10, so denied as to that reference.**

28.

The plat within the 92 Fish Trap PSA was not created by Mr. Knight and preexisted Mr. Knight's ownership of 92 Fish Trap. Thatcher Depo., 40:13-22.

**Response: Admitted that the plat pre-existed the 92 Fish Trap PSA, and also admitted that Defendant believes the plat was created by "whoever stamped it." Thatcher Depo., 40:19-22.**

29.

7 IL has never seen a draft version of the easements required by Amendment 1 to the 92 Fish Trap PSA. Thatcher Depo., 42:15-43:18.

**Response:** **Admitted in part. Defendant testified that "I don't believe I've ever seen one." Thatcher Depo. 43:17-18. It should also be noted that there was confusion in the question asked—*see also* Thatcher Depo. 42:15-43:22.**

30.

This is despite the fact that Mr. Thatcher emailed Mr. Knight on April 2, 2021 advising Mr. Knight that the easements were "too vague," that he "thought an attorney was going to write" the easements, that an easement "map would help in the future," that he did not want to insure the easement, and that a defined easement needed to be drawn regarding well water. Thatcher Depo., 44:16-46:5, and Exh. G.

**Response:** **Denied as stated. Defendant was clearly referring to the easement language as drafted in the contracts. *See* Thatcher Depo. 42:15-43:22; *see* also Ex. G.**

31.

This is also despite the fact that 7 IL and Mr. Thatcher believed that these easements needed to be drafted before closing. Thatcher Depo. 47:19-22.

**Response: Admitted only that 7 IL would liked to have had them prior to closing, but the contracts allowed the attorney to provide them on the day of the closing—which he did. Depo. Terry Wilson 63:21-24.**

32.

This Amendment to the 92 Fish Trap PSA was extremely vague to the point of needing clarification as to what was agreed, and it was never clarified before closing. Thatcher Depo. 50:8-18.

**Response: Denied as stated. Defendant merely wanted to have the final easement agreement in writing and drafted by a Georgia licensed attorney. Thatcher Depo. 10:1-16; 41:10-15; 42:7-13; 46:10-25.**

33.

Mr. Thatcher has no reason to believe that Mr. Knight knew there was an error with the plat surrounding 92 Fish Trap prior to April 2, 2021. Thatcher Depo. 53:16-23.

**Response: Admitted. Defendant also admits that it has never asserted there was an error with the *plat*.**

34.

Neither 7 IL, nor Mr. Thatcher ordered a survey of either property. Thatcher Depo. 57:2-7; 57:19-21.

**Response: Admitted.**

35.

While 7 IL was in the process of purchasing 92 Fish Trap Road from Mr. Knight, a fellow named Gary Branch was in the process of purchasing the neighboring property, 100 Fish Trap Road from Mr. Knight. Attachment C, Deposition of Gary Branch, 6:11-7:17.

**Response: Admitted.**

36.

100 Fish Trap Road is marked on the plat as Lot 9. Branch Depo. 7:18-23.

**Response: Admitted.**

37.

On April 18, 2021, at Mr. Branch's request, Mr. Knight and Mr. Branch entered an Amendment 3 to their own agreement for the purchase of 100 Fish Trap Road requiring a survey of Lot 9 to be

completed at Mr. Branch's expense. Branch Depo. 8:11-17; 10:23-11:2, Exh. A.

**Response: Admitted.**

38.

Mr. Branch was invoiced for and ultimately paid for the survey. Branch Depo. 21:1-21; 22:5-8, Exh. D.

**Response: Admitted.**

39.

The results of the survey determined that there was an encroachment, which was later marked as Lot 10A on the survey (hereafter, the "Encroachment"). Branch Depo. 29:24-30:22, Exh. C.

**Response: Admitted.**

40.

On May 31, 2021, the preliminary survey, ordered by Mr. Branch, was completed by the surveyors. Branch Depo., Exh. C.

**Response: Admitted.**

41.

On June 1, 2021, the survey was recorded. Branch Depo., Exh. D.

**Response: Admitted.**

42.

The Encroachment was a property line cut wherein 92 Fish Trap Road sliced into the driveway for 100 Fish Trap Road and wherein part of a retaining wall also stretched over the boundary line per the original plat. Branch Depo. 28:9-29:1.

**Response: Denied as stated. The survey shows the accurate depiction of the encroachment.**

43.

Mr. Wilson was the licensed Georgia attorney who was drafting the easements for both properties. Wilson Depo. 52:5-8.

**Response: Admitted.**

44.

Mr. Wilson was the only licensed Georgia attorney involved in the 253 River PSA and 92 Fish Trap PSA. Thatcher Depo. 106:12-18.

**Response: Admitted in part. Mr. Wilson may have had others in his office which have assisted him in the closing transaction. Terry Wilson Depo. 61:22-23.**

45.

On April 13, 2021, Mr. Knight emailed Mr. Wilson's assistant Kristin Chancey regarding the negotiated easements for both properties. Wilson Depo. 33:20-34:14, Exh. 3, p.1.

**Response: Admitted.**

46.

On May 26, 2021, Mr. Knight's realtor, Brian White, emailed Mr. Wilson stating that he had "just got off the phone with Gary Knight and he asked if [Mr. White] would check in on the easement that [Mr. Wilson was] drafting for 92 and 100 Fish Trap," and further that Mr. Knight "mentioned he [wasn't] comfortable reviewing day of closing and would like to have time to review beforehand." Wilson Depo. 37:19-20, Exh. 4, p. 1.

**Response: Admitted.**

47.

Later on May 26, 2021, Mr. Wilson responded that he spoke with Mr. Knight at length and planned to get the easements to Mr. Knight by May 27, 2021. Wilson Depo. 39:13-24, Exh. 4, p. 1.

**Response: Admitted.**

48.

On May 27, 2021, in response to a request for the draft easements by Mr. Thatcher, Mr. Wilson sent Mr. Thatcher draft easements for the Thor James property. Thatcher Depo., Exh. L.

**Response: Denied. The Exhibit shows signatories Gary Knight and 7 IL Properties, LLC. There is also a Thor Easement attached which appears to be for reference.**

49.

According to Mr. Thatcher, Mr. Thatcher did not see the draft easements until May 31 or June 1, 2021. Thatcher Depo. 74:5-76:9; 77:18-23.

**Response: Admitted.**

50.

At 6:54pm on June 1, 2021, Mr. White emailed Mr. Wilson asking for draft easements which had not yet been completed. Wilson Depo., Exh. 3, p. 4.

**Response: Admitted.**

51.

At 7:52am on June 2, 2021, Mr. Wilson responded to Mr. Knight with easements for a different property that was not part of either the 253 River PSA or the 92 Fish Trap PSA. Wilson Depo., Exh. 3, p. 4-12.

**Response:** **Denied as stated. Terry Wilson clarified in his deposition that the documents sent were related to the transaction. Wilson Depo. 53:11-25.**

52.

The draft easements that Mr. Wilson sent to Mr. Knight and Mr. White on June 2, 2021 (the day after scheduled closing) were incomplete and involved non-party Thor James who was not expected to be at closing on June 1, 2021. Wilson Depo. 55:13-56-8.

**Response:** **Denied as stated. Terry Wilson did not state that the documents were incomplete. Wilson Depo. 55:13-56:24.**

53.

Mr. Wilson had neither drafted, nor presented to Mr. Knight any easement for the 253 River PSA or 92 Fish Trap closing on or before June 1, 2021. Wilson Depo. 56:16-24.

**Response:** **Denied as stated. Gary Knight didn't show up at the closing so Terry Wilson could not have presented to Gary Knight the documents in person on the day of the closing. Dep. of Gary Knight 101:22 – 102:4.**

54.

Mr. Wilson had provided zero easements by June 1, 2021. Wilson Depo. 66:14-67:6.

**Response:** **Denied. Terry Wilson prepared easement agreements for the closing. (Dep. Terry Wilson 63:14 – 24).**

55.

According to Mr. Wilson, at the closing table on June 1, 2021, in response to the Encroachment, Mr. Thatcher was negotiating saying that he would close that day if the purchase price for 92 Fish Trap was reduced by $50,000.00. Wilson Depo. 68:13-69:12.

**Response:** **Denied as stated. Plaintiff admits that Plaintiff appeared at the closing and was ready to close. (Dep. of Terry Wilson 63:25 – 64:2). Plaintiff further admits that Defendant did not appear at the scheduled closings on June 1, 2021. (Dep. of Gary Knight 101:22 – 102:4). Plaintiff further admits that Defendant told Thatcher that he did not want to proceed with**

Page **19** of **23**

the closings given the encroachment issue. **(Dep. of Gary Knight 98:16 – 98:23). Plaintiff further admits that Defendant and Thatcher discussed the encroachment issue, and Thatcher stated that he wanted to proceed with the closing. (Dep. of Gary Knight 99:1 – 99:3). Plaintiff further admits that following the preceding referenced events "Gary [and] Brian (Gary's Realtor) was sitting here talking to Gary and then he would, you know -- can we do this?· And I don't remember. I -- I'm sitting here.· I don't get ·involved in negotiations.· I let them talk." Depo. Terry Wilson 68:1-4. Plaintiff further admits that after Gary Knight attempted to unilaterally alter the contract on the day of the closing, Plaintiff agreed for a reduction of $50,000.00 on the purchase price, but there never was any agreement so the deal didn't close because Gary Knight failed to attend the closing.** *See* **Depo. Terry Wilson 68:24-69:2.**

56.

According to Mr. Thatcher, the price reduction was to be $25,000.00. Thatcher Depo. 66:18-25.

**Response:** **Admitted.**

57.

Mr. Thatcher did not state that he was willing to close the deals as agreed. Wilson Depo. 73:3-6.

**Response:** **Denied. The question asked at Wilson Depo 73:3-6 was whether Terry Wilson recollected if John Thatcher ever said the words, "All right. Let's just close this as it is with the same price we have?" To which Terry Wilson responded, "he did not." Gary Knight testified that he and Thatcher discussed the encroachment issue, and Thatcher stated that he wanted to proceed with the closing. (Dep. of Gary Knight 99:1 – 99:3). John Thatcher also testified that he would have closed it with the encroachment issue as is. Thatcher Depo. 66:4-10.**

Respectfully submitted this 5th day of December 2023.

/s/ Brian S. Goldberg

FREEMAN MATHIS & GARY LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(T) 678-996-9140
(F) 678-236-9154
Brian.Goldberg@FMGLaw.com

Brian S. Goldberg
Georgia Bar No. 128007

*Attorney for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing

has been prepared in accordance with Local Rule 5.1(C).

This 5th day of December, 2023.

/s/ Brian S. Goldberg

FREEMAN MATHIS & GARY LLP          Brian S. Goldberg
100 Galleria Parkway, Suite 1600          Georgia Bar No. 128007
Atlanta, GA 30339-5948          *Attorney for Plaintiff*
(T) 678-996-9140
(F) 678-236-9154
Brian.Goldberg@FMGLaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the foregoing ***PLAINTIFF 7 IL PROPERTIES, LLC'S RESPONSE TO GARY KNIGHT'S STATEMENT OF UNDISPUTED FACTS*** with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification and a copy of such filing to all counsel of record who are CM/ECF participants.

This 5th day of December, 2023.

*/s/ Brian S. Goldberg*
Brian S. Goldberg
Georgia Bar No. 128007
*Attorney for Plaintiff*

FREEMAN MATHIS & GARY LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(T) 678-996-9140
(F) 678-236-9154
Brian.Goldberg@FMGLaw.com