# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| 7 IL PROPERTIES, LLC, | |
| Plaintiff, | Civil Action No. |
| v. | 2:21-cv-226-RWS |
| GARY KNIGHT, | |
| Defendant. | |

## ORDER

This case comes before the Court on Plaintiff 7 IL Properties, LLC's

("7 IL") Unopposed Motion for Reconsideration. [Dkt. 79]. After reviewing the

record, the Court enters the following Order.

## BACKGROUND

On October 18, 2021, 7 IL filed this action against Mr. Knight, asserting

claims for breach of contract, breach of warranty of title, negligent

misrepresentation, specific performance, and attorney's fees. [Dkt. 1]. On

November 15, 2021, Mr. Knight filed his Answer and Counterclaim against 7 IL

asserting claims for breach of contract and attorney's fees and requesting

declaratory judgment. [Dkt. 7]. That same day, 7 IL filed its First Amended

Complaint. [Dkt. 8]. On December 6, 2021, 7 IL filed its Answer to Mr. Knight's

Counterclaims. [Dkt. 10] And on December 16, 2021, Mr. Knight filed its Answer

to 7 IL's First Amended Complaint. [Dkt. 11].

On October 17, 2023, 7 IL and Mr. Knight filed their respective Cross

Motions for Summary Judgment. [Dkts. 65, 63]. 7 IL and Mr. Knight each filed a

response in opposition to the others' respective motion. [Dkts. 71, 70]. Thereafter,

7 IL and Mr. Knight each filed a reply in support of their own motion. [Dkts. 75,

76]. On January 12, 2024, Mr. Knight filed an unopposed Motion for Oral

Argument. [Dkt. 77].

On February 7, 2024, the Court issued an Order denying 7 IL's motion for

summary judgment, granting in part and denying in part Mr. Knight's motion for

summary judgment, and denying Mr. Knight's unopposed motion for oral

argument. [Dkt. 78]. The Court dismissed 7 IL's claims for breach of warranty of

title (Count II) and negligent misrepresentation (Count III) but found that genuine

issues of material fact remained as to 7 IL's claims for breach of contract

(Count IV) and specific performance (Count I). [Id.]. Importantly, the Court found

the River Heights Amendment sufficiently definite and enforceable but found the

Fish Trap Amendment too vague to be enforceable. [Id. at 21–22]. Having found

the Fish Trap Amendment unenforceable, the Court then looked to whether the

Amendment was severable or indivisible from the entire Fish Trap PSA. [Id. at 22–25]. The Court, focusing on the parties' intent, determined that the issue of severability was a question for the jury. [Id. at 24–25].

## DISCUSSION

### I.    Legal Standard

"Motions for reconsideration shall not be filed as a matter of routine practice."  LR 7.2(E), N.D. Ga. "Reconsideration of a prior order 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Buffkin v. Reliance Standard Life Ins. Co., 2017 WL 3000031, at *1 (N.D. Fla. May 30, 2017) (citation omitted). As a general rule, a court will only grant a motion to reconsider based on the availability of "newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and internal quotation marks omitted); and see Michael Linet, Inc. v. Village of Wellington, Florida, 408 F.3d 757, 763 (11th Cir. 2005) (reconsideration is not a means "to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment"). "Parties may not use a motion for reconsideration to show the court how it could have done it better, to present the court with arguments already heard and dismissed, to repackage familiar arguments to test whether the court will

3

change its mind, or to offer new legal theories or evidence that could have been presented in the original briefs." TPN Props., LLC v. Home-Owners Ins. Co., 2022 WL 17908562, at *1 (N.D. Ga. Nov. 29, 2022) (citations and quotations omitted). "If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied." Id. (citations omitted).

## II.    Analysis

7 IL moves the Court to reconsider its February 7, 2024 Order denying 7 IL's Motion for Summary Judgment. [Dkt. 79]. More specifically, 7 IL contends the Court erred when it concluded that the issue of severability was a question for the jury. [Id.]. 7 IL maintains that the parties' intent as to severability is not a fact question but is rather clear from Section C.4(h) of the Fish Trap PSA ("Severability Clause"), which states:

> This Agreement may be signed in multiple counterparts each of which shall be deemed to be an original and shall be interpreted in accordance with the laws of Georgia. No provision herein, by virtue of the party who drafted it, shall be interpreted less favorably against one party than another. All references to time shall mean the time in Georgia. *If any provision herein is to be unenforceable, it shall be severed from this Agreement while the remainder of the Agreement shall, to the fullest extent permitted by law, continue to have full force and effect as a binding contract.*

[Dkt. 79-1, at 6 (emphasis added)]. 7 IL argues that "[t]he existence of the severability clause alleviates any question of fact as to intentions of the parties as

4

to the issue of severability," and that "[t]he presence of a severability clause within the contract explicitly demonstrates the parties' intent to ensure that the enforceability of the entire agreement is not compromised by any single provision (or amendment) that may be found unenforceable." [Dkt. 79, at 5].

In reviewing 7 IL's brief and the relevant Georgia case law, the Court agrees with 7 IL and finds that the existence of the Severability Clause provides a proper basis for reconsideration. Because the Severability Clause explicitly permits the whole of the Fish Trap PSA to survive any unenforceable part, the Fish Trap Amendment is severable from the Fish Trap PSA. See Capricorn Sys., Inc. v. Pednekar, 248 Ga. App. 424, 428 (2001) ("A severability clause indicates the intent of the parties where the remainder of the contract can exist without the void portion."). Consequently, the Fish Trap Amendment's unenforceability does not render Fish Trap PSA unenforceable, and the remainder of the PSA remains a binding and enforceable contract.

Mr. Knight's only bases for dismissal of 7 IL's breach of contract claim as to the Fish Trap PSA are that: (1) the Fish Trap PSA is unenforceable due to the Fish Trap Amendment's vagueness; and (2) 7 IL failed to fulfill its obligations under the Fish Trap Amendment. [See Dkt. 63, at 2, 16–20]. However, because the Court found the Fish Trap Amendment vague and unenforceable, [Dkt. 78, at 16],

whether 7 IL met its obligations according to its terms is of no consequence. And now that the Court finds the Fish Trap Amendment to be severable, the remainder of the Fish Trap PSA remains binding and enforceable. Thus, both issues are moot, and Mr. Knight has presented no other basis for dismissing 7 IL's breach of contract claim as to the Fish Trap PSA.

Accordingly, 7 IL appears to have established its breach of contract claim as to the Fish Trap PSA. And having already demonstrated that it lacks an adequate remedy at law, [Id. at 31–33], 7 IL has also established its specific performance claim as to the Fish Trap PSA. Because 7 IL elected for specific performance over money damages, [See Dkt. 65-1], the Court will grant specific performance as to the Fish Trap PSA.[1]

---

[1] This does not mean that 7 IL cannot pursue a claim for monetary damages under a theory of incidental damages. See Gwinnett Cnty v. Old Peachtree Partners, LLC, 329 Ga. App. 540, 555 (2014) ("[A] trial court may award 'incidental damages' to plaintiffs in addition to specific performance when necessary 'to make them whole.'"). Indeed, 7 IL's request for incidental damages remains an issue in this case.

## CONCLUSION

For the foregoing, Plaintiff 7 IL Properties, LLC's Unopposed Motion for Reconsideration, [Dkt. 79], is **GRANTED**. The Court's February 7, 2024 Order denying 7 IL's motion for summary judgment, [Dkt. 78], is modified to reflect that 7 IL's motion for summary judgment is **GRANTED** on its claim for specific performance as to the Fish Trap PSA (Count I). Consistent with the Court's February 7, 2024 Order, the following issues remain: (1) whether 7 IL performed or was ready to perform its obligations under the terms of the River Heights PSA (Counts I, IV); (2) incidental damages related to both the River Heights and Fish Trap PSAs (Count I); and (3) attorneys' fees (Count V).

The parties may file an updated proposed consolidated pretrial order within 7 days of the entry of this Order.

**SO ORDERED** this 26th day of April, 2024.

RICHARD W. STORY
United States District Judge