# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| 7 IL PROPERTIES, LLC, | |
| Plaintiff, | Civil Action No. |
| v. | 2:21-cv-226-RWS |
| GARY KNIGHT, | |
| Defendant. | |

## ORDER

This case comes before Plaintiff 7 IL Properties, LLC's ("7 IL") Motion for Attorneys' Fees and Costs, seeking attorneys' fees in the amount of $153,230.00 and costs incurred in connection with the case in the amount of $11,654.70. [Dkt. 136]. Defendant Gary Knight ("Mr. Knight") "concedes that [the hourly rates] are reasonable." [Dkt. 139, at 1]. Rather, Mr. Knight's sole opposition to 7 IL's Motion rests on objections to fees incurred because of 7 IL's alleged lack of diligence. [See Dkt. 139]. More specifically, Mr. Knight seeks to deduct from 7 IL's request those fees incurred arising from (i) discovery beginning in the Summer of 2022 and through the Spring of 2024 and (ii) 7 IL's delay in specific performance of the Fish Trap Property beginning April 26, 2024. [See id.].

After reviewing the record, the Court finds that 7 IL is entitled to all the attorneys' fees and costs it seeks.

With respect to Mr. Knight's objections relating to discovery, the Court finds no evidence of improper conduct by 7 IL that would warrant the reduction of fees awarded. As an initial matter, discovery during the relevant period was extended for any number of reasons. Moreover, in most instances the parties filed *joint* motions for extensions of time. [Dkts. 30, 34, 38, 57, 59, 62]. Lastly, the record does not support any claims of 7 IL's failure to cooperate with discovery.

With respect to Mr. Knight's objections relating to the delay of closing on the Fish Trap Property, the Court similarly finds no improper conduct such as to warrant the reduction of fees. While the Court acknowledges a delay on the closing of the Fish Trap Property, the fees Mr. Knight contests relate to costs 7 IL incurred to address legitimate issues in preparation for closing (e.g., analyzing waiver of appellate rights, reaching out to closing attorney, client discussions regarding closing, preparation for telephonic conference, etc.). [See Dkt 136-3, at 39–44]. Therefore, the fees resulted not from a lack of diligence or improper conduct on the part of 7 IL, but rather from the unusual posture of the case and the analysis and research necessary to navigate the resulting issues.

For the foregoing reasons, Plaintiff 7 IL Properties, LLC's Motion for Attorneys' Fees and Costs [Dkt. 136] is **GRANTED**. The Court hereby awards 7 IL the sum of $153,230.00 in attorneys' fees and $11,654.70 in costs.

The Clerk shall enter **JUDGMENT** accordingly.

**SO ORDERED** this 19th day of February, 2025.

_____
**RICHARD W. STORY**
United States District Judge