IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| 7 IL PROPERTIES, LLC, | |
| Plaintiff, | Civil Action No. |
| v. | 2:21-cv-226-RWS |
| GARY KNIGHT, | |
| Defendant. | |

## ORDER

This case comes before the Court on its own motion. On February 7, 2024, and April 26, 2024, the Court issued two orders awarding Plaintiff 7 IL Properties, LLC ("7 IL") specific performance as to the 92 Fish Trap property, but leaving it to the jury to determine whether 7 IL is also entitled to specific performance as to the 253 River Heights property. [Dkts. 78, 90]. In September 2024, the Court held a three-day trial, resulting in a jury finding that 7 IL substantially complied with its obligations under the 253 River Heights purchase and sale agreement and was not in material breach, such that 7 IL is entitled to specific performance. [Dkt. 122, at ¶ 1]. Thereafter, on December 4, 2024, the Court issued an order directing the Clerk to enter a judgment ordering Defendant Gary Knight

("Mr. Knight") to close on the sale of the River Heights and Fish Trap properties. [Dkt. 134]. The Clerk entered a judgment accordingly. [Dkt. 135].

On March 20, 2025, 7 IL filed a Motion for Contempt, seeking to hold Mr. Knight in contempt for his alleged failure to close on both the River Heights and Fish Trap properties post-judgment. [Dkt. 145]. To provide the parties with a fair opportunity to comply with the Court's order and Clerk's judgment, the Court held a telephonic conference with counsel from both parties on May 6, 2025. [Dkt. 150]. During the conference, the Court encouraged the parties to complete the property inspections by May 15th. [Dkt. 150]. The parties appear to have conducted the inspections on May 14th.

On May 27, 2025, however, 7 IL informed the Court that Mr. Knight continued to fail to comply with the Court's judgment in the following respects: (i) failure to repair items that Mr. Knight agreed to repair; (ii) the presence of "additional deficiencies" due to "years of deferred maintenance"; (iii) a "likely structural issue with retaining walls"; and (iv) the recording of a post-judgment easement, "executed in bad faith," that impairs title to one of the properties (presumably the River Heights property). The parties also allegedly refused to cooperate in facilitating the closing. As a result, on May 29, 2025, the Court issued an order to complete the closing of the River Heights and Fish Trap properties no

later than 3:00 p.m. on Friday, May 30, 2025; if the parties failed to comply as ordered, they were to appear for a contempt hearing the following week (the "Contempt Order"). [Dkt. 152]. The parties thereafter closed on both properties, obviating the need for a contempt hearing.

7 IL maintains, however, that Mr. Knight has engaged in "post-order" misconduct, pointing specifically to an easement recorded *after* the Clerk's entry of judgment, but *before* the closing, that added "additional property restrictions and obligations that varied significantly from [the] purchase and sale agreement." As a result, 7 IL filed a Motion for Leave to File Supplemental Briefing, [Dkt. 154], in support of its pending Motion for Contempt, [Dkt. 145].

Given the issues that 7 IL raises in its pending Motions, the parties are ordered to file supplemental briefing on the following questions:

1. **Is 7 IL entitled to any relief at all?** Given that the closing has already occurred on the Fish Trap and River Heights properties, is 7 IL still entitled to relief under Georgia law? Put differently, did 7 IL waive any right to relief by electing to proceed with the closing

3

> despite having knowledge of the properties' nonconformity with the purchase and sale agreements?[1]
>
> 2. **If so, what kind of relief is 7 IL entitled to?** For example, is 7 IL entitled to money damages, injunctive relief, a declaration that the easement is void, or specific performance requiring Mr. Knight to retract the easement? And on what legal basis?

---

[1] For example, 7 IL argues that Mr. Knight's recording of a post-judgment easement added "new and additional property restrictions and obligations that varied significantly from [the] *purchase and sale agreement*." However, when a deed is delivered and accepted, the purchase and sale agreement generally merges into the deed and all antecedent agreements are superseded, save for certain collateral agreements. E.g., Holmes v. Worthy, 159 Ga. App. 262, 266 (1981); Cullens v. Woodruff, 137 Ga. App. 262, 262–63 (1976); Jordan v. Flynt, 240 Ga. 359, 362 (1977) ("[T]he terms of the preliminary sales contract which are not included in the deed are considered as eliminated, abandoned or discarded.").

Keeping this in mind, can 7 IL still seek relief for a breach of the purchase and sale agreement; (i) assuming that it can, did 7 IL have to do anything to preserve its rights (and did the Court's order requiring the parties to close affect 7 IL's ability to preserve those rights); assuming that it cannot, (ii) can 7 IL still seek the same relief by pursuing an action for breach of warranty? In considering these issues, the deeds may be critical to resolving the present dispute. Therefore, the parties should submit copies of the relevant deeds at issue and any related documents necessary to interpret them.

The Court understands that the present scenario is unusual because the parties were ordered, with the threat of contempt, to close on a specified date. This no doubt had an effect on the parties' ability to resolve any outstanding issues prior to closing. Even so, the parties should answer the questions raised to the best of their ability, and the Court will consider the idiosyncratic nature of the present situation accordingly.

Accordingly, Plaintiff 7 IL Properties, LLC's Motion for Leave to File Supplemental Briefs in support of its Motion for Contempt [Dkkt. 154] is **GRANTED**. 7 IL shall have fourteen (14) days from the date of this Order to file its opening brief. Mr. Knight shall have fourteen (14) days thereafter to file a response brief. 7 IL shall have fourteen (14) days thereafter, if it wishes, to file a reply brief.

**SO ORDERED** this 9th day of June, 2025.

_____
**RICHARD W. STORY**
United States District Judge